IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50712
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALBERTO BUSTAMANTE,

Defendant-Appellant.

-------------
Appeal from the United States District Court
for the Western District of Texas
(97-CR-331)
-------------
January 13, 2000

Before WIENER and STEWART, Circuit Judges.[1]

PER CURIAM:[2]

Defendant-Appellant Jose Alberto Bustamante appeals his conviction on two counts of aiding and abetting illegal transportation of aliens. He complains on appeal about the trial judge's (1) questioning of a government witness and (2) refusal to allow him more than one character witness. Finding no reversible error, we affirm Bustamante's convictions.

Bustamante first argues that the district court's questioning of a government witness deprived him of a fair trial by creating the appearance that the judge was partial to the prosecution. A trial judge may "interrogate witnesses, whether called by itself or by a party." Fed. R. Evid. 614(b). The questions must be geared to aiding the jury's understanding and must be strictly impartial. *United*

---

[1] Senior District Judge John M. Shaw of the Western District of Louisiana, was a member of the panel that heard oral argument on this case, but because of his death on December 24, 1999, he did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. §46(d).

[2] Pursuant to 5th Cir. Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

*States v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998). We review such questioning for abuse of discretion. *United States v. Zepeda-Santana*, 569 F.2d 1386, 1389 (5th Cir. 1978).

We find that the trial judge did not take a partisan stance, and observe that many questions at issue were open ended and could have elicited an answer favoring either side.[3] We believe the questions were appropriate as seeking "'only to clarify a witness's testimony either for the court, for the jury, or for counsel.'" *United States v. Williams*, 809 F.2d 1072, 1087 (5th Cir. 1987) (quoting *United States v. Borchardt*, 690 F.2d 697, 700 (5th Cir. 1983)). The court may ask questions to clarify a witness's testimony, "even if the questions elicit facts harmful to the defendant." *Saenz*, 134 F.3d at 708. Viewing the trial judge's actions as a whole,[4] we conclude that his questioning did not deny Bustamante a fair trial.

Bustamante next complains that the district court unfairly deprived him of his right to present a defense by limiting him to only one of three character witnesses. The district court initially struck all three character witnesses and instructed defense counsel to tell the jury that he had no witnesses. The next morning, on reconsideration, the court reopened the evidence for one such witness only.

We will not reverse a decision to limit the number of character witnesses "[a]bsent a clear showing of prejudicial abuse of discretion." *United States v. Squella-Arendano*, 478 F.2d 433, 438 (5th Cir. 1973). We do not find the instant limitation to be an abuse of discretion or too restrictive. Defense counsel had summarized for the court the substance of the testimony from the other two proposed witnesses, and it was almost identical to that of the witness who was allowed to testify.

---

[3]Some of the questions complained of were as follows:
> But did you have any belief that Mr. Bustamante was going to profit from this trip or that he was not going to profit from this trip?
> And what was your belief?
> What was the purpose of all of this activity and this travel?
> Who was in charge?

2 R. 90, 93.

[4]Notably, the court instructed the jury to disregard anything it may have said during the trial. Courts have often recognized that curative instructions are an important consideration and may render non-prejudicial the court's partial comments or questions. *Saenz*, 134 F.3d at 713; *Williams*, 809 F.2d at 1088.

The defendant has not suggested what one or more additional character witnesses might have added that he was unable to present to the jury through the one witness who was permitted to testify. Additionally, we discern no prejudice to the defendant in the manner in which the evidentiary phase of the trial was closed and reopened for the additional witness. Finally, we perceive no cumulative prejudicial effect resulting from the district court's actions.

AFFIRMED.